**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY LEE BLUDWORTH, | No. 14-15845 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02137-TLN-CKD |
| v. | |
| CITY OF STOCKTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

California state prisoner Timothy Lee Bludworth appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action related to his

criminal conviction. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2000).  We affirm.

The district court properly dismissed Bludworth's action as *Heck*-barred because success on Bludworth's claims would necessarily imply the invalidity of his conviction.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

**AFFIRMED.**